FILED
11/2/2022 9:29 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Laura Castillo
Bexar County - 45th District Court

## CAUSE NO. 2022-CI-16708

| | | |
|---|---|---|
| CHRISTINA AND FELIX OLIVAREZ § | | IN THE DISTRICT COURT |
| § | | |
| § | | |
| V. § | | |
| § | | 45TH JUDICIAL COURT |
| METROPOLITAN LLOYDS INSURANCE § | | |
| COMPANY OF TEXAS AND § | | |
| FARMERS LLOYDS INSURANCE § | | |
| COMPANY § | | BEXAR COUNTY, TEXAS |

### PLAINTIFFS' FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW comes Christina and Felix Olivarez, hereinafter referred to as "Plaintiffs," complaining of Defendants, Metropolitan Lloyds Insurance Company of Texas and Farmers Lloyds Insurance Company (hereinafter collectively referred to as "Lloyds") and hereby respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

Plaintiffs, Christina and Felix Olivarez, are individuals and residents of Texas.

Defendant, Farmers Lloyds Insurance Company, ("Famers"), is an insurance company licensed to conduct the business of insurance in Texas with its principal place of business located in Dallas, Texas. Further, Farmers is a Lloyds plan consisting of an association of underwriters of which one or more are citizens of Texas. Farmers can be served by serving its registered agent,

Corporation Service Company, by certified mail, return receipt requested at 211 E 7th Street Suite 620, Austin, Texas 78701.

Defendant, Metropolitan Lloyds Insurance Company of Texas, ("Metropolitan"), is an insurance company licensed to conduct the business of insurance in Texas with its principal place of business located in Dallas, Texas. Further, Metropolitan is a Lloyds plan consisting of an association of underwriters of which one or more are citizens of Texas. Metropolitan has already been served in this matter, but has not filed an answer to date.

### III. JURISDICTION AND VENUE

This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is mandatory and proper in Bexar County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code §15.002) and the insured property that is the basis of this lawsuit is located in Bexar County, Texas. *See* Tex. Ins. Code §2210.552 and Tex. Civ. Prac. & Rem. Code §15.032 (see below).

### IV. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### V. FACTS

A. Plaintiffs are the owners of insurance Policy Number 857-333-056-0 (hereinafter referred to as the "Policy").issued by Defendants Metropolitan and Farmers (hereinafter referred to as the "Lloyds").

B. Plaintiffs owned the insured property, which is specifically located at **2147 Green Creek San Antonio, Texas 78232** on May 28, 2020 (hereinafter referred to as the "Property").

C. Defendants Lloyds or its agent sold the Policy, insuring the Property, to Plaintiffs.

D. On or about May 28, 2020, a severe hail and windstorm struck the area causing severe damage to homes, including Plaintiffs' Property.

E. Plaintiffs submitted a claim to Lloyds against the Policy for damage the Property sustained as a result of the storm. Plaintiffs asked that Lloyds cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

F. Defendants assigned claim number JDJ02829 NE to Plaintiffs' claim.

G. The damages sustained to Plaintiffs' home were extensive, including damages to the roof, elevations, patio, and shed as a direct consequence of the storm. Unfortunately, Lloyds denied all damages, stating they were due to wear, tear and deterioration.

H. As a matter of practice, Defendants hired an outcome-oriented engineer to investigate the damages sustained to Plaintiffs' property. However, Defendants only hires engineering firms that work solely for insurance carriers, of which are designed to serve one purpose: deny insurance claims. Here, the outcome-oriented adjustment of the claim is evident as the engineering report admits hail with a magnitude of 1.25 inches fell at Plaintiffs' property and documents several areas of significant granule loss. Despite evidence to the contrary, Defendants' engineer blames the damages on "wear and tear" and Defendants wrongfully denied the claim.

I. Plaintiffs hired a public adjuster to assist them with the claim and provide more evidence to support the storm damages. They submitted a Sworn Statement in a Proof of Loss in the amount of $37,075.04, which was received by Defendants.

J. Despite the overwhelming amount of evidence in support of coverage under the policy, Defendants continued to deny Plaintiffs' claim.

K. Plaintiffs' claim remains unpaid and the Plaintiffs still have not been able to properly repair the Property.

L. Defendants Lloyds, failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy. Specifically, Defendants failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Defendants' conduct constitutes a breach of the insurance contract between Defendants and Plaintiffs.

M. Defendants refused to consider the evidence presented by Plaintiff, disregarded significant weather data, disregarded granule loss caused by hail damage, and misrepresented that these damages were all due to wear and tear, all intended to wrongfully deny the claim. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(1).

N. Defendants failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(2)(A).

O. Defendants failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiffs adequate compensation, without appropriate explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide adequate explanation for the failure to adequately settle Plaintiffs' claim. TEX. INS. CODE Section 541.060(a)(3).

P.  Defendants failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

Q.  Defendants refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants acknowledged Premier's representation of the Defendants as well as received Premier's Sworn Statement of Proof of Loss. Defendants' sconduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

R.  Defendants failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated deadline. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

S.  Defendants failed to accept or deny Plaintiffs' full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE Section 542.056.

T.  Defendants failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendants delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for their claim.

      Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

U.     From and after the time Plaintiffs' claim was presented to Defendants, the liability of Defendants to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendants has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

V.     As a result of Defendants' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing Plaintiffs with respect to these causes of action.

W.     Plaintiffs' experience is not an isolated case. The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VI. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract against Defendants Lloyds

      Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

      According to the Insurance Policy that Plaintiffs purchased, Defendants have the duty to investigate and pay Plaintiffs' policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the wind and hailstorm. As a result of the wind

and hailstorm and/or ensuing losses from the wind and hailstorm, both of which are covered perils under the Policy, Plaintiffs' Property has been damaged.

Defendants' failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendants' contract with Plaintiffs. As a result of this breach of contract, Plaintiffs have suffered the damages that are described in this petition.

### B. Cause of Action for Violation of Section 542

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Defendants' acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiffs' claim, Defendants did not request from Plaintiffs any items, statements, and forms that they reasonably believed at that time would be required from Plaintiffs for Plaintiffs' claim. As a result, Defendants has violated Section 542 by failing to accept or reject Plaintiffs' claim in writing within the statutory timeframe. Defendants also violated Section 542 by failing to pay Plaintiffs' claim within the applicable statutory period. In addition, in the event it is determined Defendants owe Plaintiffs any additional monies on Plaintiffs' claim, Defendants have automatically violated Section 542 in this case.

### C. DTPA Cause of Action

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendants under the provisions of the DTPA. Plaintiffs are consumers of goods and services

provided by Defendants pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Defendants. Specifically, Defendants' violations of the DTPA include, without limitation, the following matters:

By their acts, omissions, failures, and conduct that are described in this petition, Defendants have violated Sections 17.46 (b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. In this respect, Defendants' violations include, without limitation, (1) their unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim, (2) their failure to give Plaintiffs the benefit of the doubt, and (3) their failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear, which gives Plaintiffs the right to recover under Section 17.46 (b)(2).

As described in this petition, Defendants represented to Plaintiffs that their insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendants represented to Plaintiffs that their insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, Defendants advertised their insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

As described in this petition, Defendants represented to Plaintiffs that their insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(12) of the DTPA;

As described in this petition, Defendants failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiffs into a transaction into which the Plaintiffs would not have entered had the information been disclosed, which gives Plaintiffs the right to recover under Section 17.46 (b)(24) of the DTPA;

Defendants have breached an express warranty that the damage caused by the wind and hailstorm would be covered under the insurance policy. This breach entitles Plaintiffs to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

Defendants' actions, as described in this petition, are unconscionable in that they took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA; and

Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiffs' damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D. Cause of Action for Unfair Insurance Practices**

Plaintiffs reallege and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendants under the Texas Insurance Code. Plaintiffs have satisfied all conditions precedent to

bringing this cause of action. By their acts, omissions, failures, and conduct, Defendants has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim and Defendants' failure to pay for the proper repair of Plaintiffs' property on which liability had become reasonably clear. They further include Defendants' failure to give Plaintiffs the benefit of the doubt. Specifically, Defendants is guilty of the following unfair insurance practices:

    A.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

    B.    Engaging in unfair claims settlement practices;

    C.    Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

    D.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

    E.    Failing to affirm or deny coverage of Plaintiffs' claim within a reasonable time;

    F.    Refusing to pay Plaintiffs' claim without conducting a reasonable investigation with respect to the claim; and

    G.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendants have also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiffs' damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendants were done knowingly as that term is used in the Texas Insurance Code.

### E. Cause of Action for Breach of Duty of Good Faith and Fair Dealing

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations of the preceding paragraphs for this cause of action. By their acts, omissions, failures and conduct, Defendants has breached their common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiffs' entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendants has also breached this duty by unreasonably delaying payment of Plaintiffs' entire claim and by failing to settle Plaintiffs' entire claim because Defendants knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendants are a proximate cause of Plaintiffs' damages.

### F. Cause of Action for Fraud

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein. Plaintiffs incorporate all the allegations of the preceding paragraphs for this cause of action. The Defendants, jointly and severally, made false representations and/or false promises to Plaintiffs. These false representations and/or false promises made by the Defendants were material misrepresentations or omissions of fact upon which the Defendants intended that Plaintiffs would rely, and upon which Plaintiffs did reasonably rely to its detriment. The representations and/or promises by the Defendants were false and were made either intentionally or recklessly without regard to their truth or falsity and with the intent to induce Plaintiffs into purchasing the insurance

policy at issue and/or to accept as true and correct the adjustment of Plaintiffs' claim. As a result of the material misrepresentations and omissions upon which Plaintiffs detrimentally relied, Plaintiffs have suffered damages substantially in excess of the minimum jurisdictional limits of this Court. The fraudulent acts and/or omissions of the Defendants, as set forth herein, are sufficient, under Chapter 41 of the Texas Civil Practices and Remedies Code, to justify the imposition of punitive damages against Defendants.

Plaintiffs seeks herein, as a result of the Defendants' fraud, Plaintiffs' actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, costs of court, pre-judgment interest, and post-judgment interest

## VII. WAIVER AND ESTOPPEL

Defendants has waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## VIII. DAMAGES

The above described acts, omissions, failures and conduct of Defendants have caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs' property and any investigative and engineering fees incurred in the claim. Plaintiffs are also entitled to recover consequential damages from Defendants' breach of contract. Plaintiffs is also entitled to recover the amount of Plaintiffs' claim plus penalties and interest on the claim against Defendants as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorney's fees. In an effort to comply with Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiffs seek only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs. Therefore, all the damages described in this petition are within the jurisdictional limits of the Court.

## IX. ADDITIONAL DAMAGES

Defendants has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiffs are entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiffs are further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## X. EXEMPLARY DAMAGES

Defendants' above and foregoing acts and omissions, as set forth above, were done intentionally, with a conscious indifference to the rights and welfare of Plaintiffs, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendants are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiffs seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

## XI. ATTORNEYS' FEES

As a result of Defendants' conduct that is described in this petition, Plaintiffs have been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiffs are entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XII. JURY DEMAND

Plaintiffs asserts Plaintiffs' right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216. Plaintiffs tender the fee of $40.00, as required by Texas Government Code Section 51.604.

## XIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiffs requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

**CALHOUN LAW FIRM**
1350 North Loop 1604 E., Suite 105
San Antonio, Texas 78232
(210) 863-5534 (Telephone)
(210) 495-6790 (Facsimile)

By: _/s/ Shelly Calhoun_
MICHELLE "SHELLY" CALHOUN
Texas State Bar No. 24068246
shelly@calhounattorney.com
W. LEE CALHOUN
Texas State Bar No. 24078300
lee@calhounattorney.com

**ATTORNEYS FOR PLAINTIFFS**

CERTIFIED MAIL





7021 1970 0000 4762 4930



US POSTAGE ᴾᴮ PITNEY BOWES

ZIP 78204 $ 008.93
02 4W
0000387844 NOV. 04 2022

**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

*RETURN SERVICE REQUESTED*

Farmers Lloyds Insurance Company
by serving its registered agent, Corporation Service Company
211 E 7TH STREET STE 620
AUSTIN, TX 78701
Matthew Stanage Citation Certified Mail 2022CI16708

7870163218 C015